Case 4:22-cv-03645    Document 12    Filed on 03/02/23 in TXSD    Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VILLA CONTENTO APARTMENTS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-03645 |
| § | |
| KINGSLEY DOMINIC OKENE, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court is Plaintiff Villa Contento Apartments' ("Plaintiff) Motion to Remand. (Doc. No. 4). Defendant Kingsley Dominic Okene ("Defendant") did not file a response. After considering the Motion and the applicable law, the Court hereby **GRANTS** Plaintiff's Motion to Remand. (Doc. No. 4).

### I. Background

This is an eviction case. Plaintiff originally filed a Petition for Eviction from Residential Premises against Defendant in the Justice Court of Harris County, Texas, Precinct 5 Place 1. An Eviction Citation was delivered to Defendant, and it ordered him to appear for trial in Justice Court. (*See* Doc. No. 1 at 3). In response to the Citation, Defendant removed the lawsuit to this Court, arguing Defendant was "attempting to collect a debt in violation of the Fair Debt Collection Practices Act (FDCPA) of 1978," and thus, the case was properly removable pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331. (Doc. No. 1 at 1).

### II. Legal Standard

Federal courts have limited jurisdiction, so any doubts as to whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339

(5th Cir. 2000). Accordingly, the removing party bears the burden of establishing that a state-court suit is removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Any doubts about the propriety of removal are to be resolved in favor of remand. *Acuna*, 200 F.3d at 339. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

A defendant may typically remove a civil action filed in state court to federal court if the federal court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). When a defendant desires to remove a case to federal court, he is required to file a notice of removal in the federal district court for the district and division within which the state court action is pending. 28 U.S.C. § 1446(a). The notice of removal must contain a "short and plain statement of the ground for removal, together with a copy of all process, pleadings, and orders" from the state court. *Id.* To determine whether a claim arises under federal law, courts must look to the "well-pleaded complaint" to determine if the action could have been originally brought in federal court. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.4; see also Hanen L.R. 7(D). As stated above, Defendant failed to respond to Plaintiff's motion. Therefore, the local rules allow the Court to grant Plaintiff's motion as it is considered unopposed.

### III. Analysis

When determining whether federal question jurisdiction exists, courts apply the well-pleaded complaint rule. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 386 (1987). Under that rule, "jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint." *Id.* Generally, a party cannot remove a case on the basis of a federal defense.

It is clear from the Petition for Eviction from Residential Premises, the Eviction Citation, and the Motion to Remand that this is solely an eviction case, attempting to evict defendant for disturbance off others and disrupting business operations. A state court eviction lawsuit does not raise a federal question. *Thymes v. Sans Chevaux Invs. LLC*, No. 6:18-CV-00867, 2018 WL 11474948 (W.D. La. Oct. 22, 2018) (the "state court eviction lawsuit does not raise a federal question"). For that reason, the Court grants Plaintiff's Motion to Remand. (Doc. No. 4).

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. (Doc. No. 4). The Court **REMANDS** the case to the Justice Court of Harris County, Texas Precinct 5 Place 1.

Signed at Houston, Texas, this ___2nd___ day of March, 2023.

Andrew S. Hanen
United States District Judge